Jeffrey S. Abraham (JA-2946)
Lawrence D. Levit (LL-9507)
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, N.Y. 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

**Plaintiff's Counsel**

DOC # 1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN LEVY, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; HYNIX SEMICONDUCTOR, INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; RENESAS TECHNOLOGY CORPORATION; RENESAS TECHNOLOGY AMERICA, INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA CORPORATION; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; MITSUBISHI ELECTRIC CORP.; MITSUBISHI ELECTRIC AND ELECTRONICS U.S.A., INC.; MOSEL VITALIC, INC.; WINBOND ELECTRONICS CORPORATION; and WINBOND ELECTRONICS CORPORATION AMERICA, INC.,<br><br>                              Defendants. | 07 CV 2242<br><br>CIVIL ACTION NO.<br><br><br><br>**CLASS ACTION COMPLAINT** <br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorneys, brings this civil action against the above-named defendants (collectively, "Defendants") for damaged and injunctive relief under the Sherman Antitrust Act. Plaintiff alleges, upon information and belief, except as to those paragraphs applicable to the named Plaintiff, which are based on personal knowledge, as follows:

## NATURE OF THE ACTION

1. Defendants are manufacturers of Flash Memory, a type of electronic memory used in a variety of application, including in memory cards, USB storage devices, digital audio devices, mobile wireless technology, game consoles and personal computers.

2. Defendants and their co-conspirators engaged in a global conspiracy to fix, raise, maintain, and/or stabilize prices for Flash Memory. As a result of Defendants' collusive conduct, Plaintiff and other purchasers of Flash Memory have paid artificially inflated prices. Plaintiff therefore brings this action for damages and injunctive relief under Section 1 of the Sherman Act, 15 U.S.C. § 1, on behalf of all persons and entities that purchased Flash Memory directly from any of the Defendants or their co-conspirators during the period January 1, 1999 through the present.

## THE PARTIES

3. Plaintiff Brian Levy purchased Flash Memory directly from one or more of the Defendants during the Class Period and was injured as a result of Defendants' illegal conduct.

4. Defendants Samsung Electronics Co., Ltd. is a business entity organized under the laws of South Korea, with its principal place of business at Samsung Main Building 250-2 ga, Taepyung-ro Chung-gu, Seoul, Korea. During the time period covered by this Complaint, Samsung Electronics Co., Ltd. manufactured, sold and distributed Flash Memory to customers

throughout the United States.

5. Defendant Samsung Semiconductor, Inc. is a wholly owned and controlled subsidiary of Samsung Electronics Co. Ltd. with its principal place of business at 3655 North First Street, San Jose, CA 95134. During the time period covered by this Complaint, Samsung Semiconductor, Inc. sold and distributed Flash Memory to customers throughout the United States. Samsung Electronics Co., Ltd., and Samsung Semiconductor, Inc. are referred to collectively herein as "Samsung."

6. Defendant Hynix Semiconductor, Inc. is a business entity organized under the laws of South Korea, with its principal place of business at SAN 136-1, Ami-Ri Bubal-eub, Ichon-si, Kyongki-do, Korea. During the time period covered by this Complaint, Hynix Semiconductor, Inc. manufactured, sold and distributed Flash Memory to customers throughout the United States.

7. Defendant Hynix Semiconductor America, Inc. is a wholly owned and controlled subsidiary of Hynix Semiconductor, Inc. with its principal place of business at 3101 North First Street, San Jose, CA 95134. During the time period covered by this Complaint, Hynix Semiconductor America, Inc. sold and distributed Flash Memory to customers throughout the United States. Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc. are referred to collectively herein as "Hynix."

8. Defendant Micron Technology, Inc. is a Delaware Corporation with its principal place of business at 8000 South Federal Way, Boise, ID 83716. During the time period covered by this Complaint, Micron Technology, Inc. manufactured, sold and distributed Flash Memory throughout the United States.

9. Defendant Micron Semiconductor Products, Inc. is a wholly owned and controlled

subsidiary of Micron Technology, Inc. with its principal place of business at 8000 South Federal Way, Boise, ID 83716. During the time period covered by this Complaint, Micron Semiconductor Products, Inc. sold and distributed Flash Memory to customers throughout the United States. Micron Technology, Inc. and Micron Semiconductor Products, Inc. are referred to collectively herein as "Micron."

10. Defendant Renesas Technology Corporation is a business entity organized under the laws of Japan with its principal place of business at Marunouchi Building, 4-1, Marunouchi 2-chome, Chiyoda-ku Tokyo 100-6334, Japan. During the time period covered by this Complaint, Renesas Technology Corporation sold and distributed Flash Memory to customers throughout the United States.

11. Defendant Renesas Technology America, Inc. is a wholly owned and controlled subsidiary of Renesas Technology Corporation with its principal place of business at 450 Holger Way, San Jose, CA 95134. During the time period covered by this Complaint, Renesas Technology America, Inc. sold and distributed Flash Memory to customers throughout the United States. Renesas Technology Corporation and Renesas Technology America, Inc. are referred to collectively herein as "Renesas."

12. Defendant Toshiba Corporation is a business entity organized under the laws of Japan, with its principal place of business at 1-1, Shibaura 1-chrome, Minato-ku, Tokyo 105-9001, Japan. During the time period covered by this Complaint, Toshiba Corporation manufactured, sold and distributed Flash Memory to customers throughout the United States.

13. Defendant Toshiba America Corporation is a wholly owned and controlled subsidiary of Toshiba Corporation with its principal place of business at 1251 Avenue of the Americas, Suite 4110 New York, NY 10020. During the time period covered by this Complaint,

Toshiba America Corporation manufactured, sold and distributed Flash Memory to customers throughout the United States.

14. Defendant Toshiba America Electronic Components, Inc. is a wholly owned and controlled subsidiary of Toshiba Corporation with its principal place of business located at 19900 MacArthur Boulevard, Suite 400, Irvine, CA 92612. During the time covered by this Complaint, Toshiba America Electronic Components, Inc. sold and distributed Flash Memory to customers throughout the United States. Toshiba Corporation, Toshiba America Corporation, and Toshiba America Electronic Components, Inc. are referred to collectively herein as "Toshiba."

15. Defendant Hitachi, Ltd. is a business entity organized under the laws of Japan, with its principal place of business at 6-1 Marunouchi Center Building 13F Chiyoda-ku, Tokyo, 100-8220, Japan. During the time period covered by this Complaint, Hitachi, Ltd. manufactured, sold and distributed Flash Memory to customers throughout the United States.

16. Defendant Hitachi America, Ltd. is a wholly owned and controlled subsidiary of Hitachi, Ltd. Hitachi America Ltd. is a business entity organized under the laws of New York, with its Principal place of business at 50 Prospect Avenue, Tarrytown, New York, 10591. During the time covered by this Complaint, Hitachi America, Ltd. sold and distributed Flash Memory to customers throughout the United States. Hitachi, Ltd. and Hitachi America, Ltd. are referred to collectively herein as "Hitachi."

17. Defendant Mitsubishi Electric Corporation is a business entity organized under the laws of Japan, with its principal place of business at Tokyo Building 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan. During the time period covered by this Complaint, Defendant Mitsubishi Electric Corporation, Inc. manufactured, sold and distributed Flash Memory to customers throughout the United States.

18.     Defendant Mitsubishi Electric & Electronics USA, Inc. is a wholly owned and controlled subsidiary of defendant Mitsubishi Electric Corporation. Defendant Mitsubishi Electric & Electronics USA is a business entity organized under the laws of Delaware, with its Principal place of business at 500 Corporate Woods Parkway, Vernon Hills, IL 60061. During the time covered by this Complaint, Defendant Mitsubishi Electric & Electronics USA, Inc. manufactured, sold and distributed Flash Memory to customers throughout the United States. Mitsubishi Electric Corp. and Mitsubishi Electric & Electronics USA, Inc. are referred to collectively herein as "Mitsubishi." In or about October 2002, Hitachi and Mitsubishi ceased manufacturing Flash Memory and transferred this business the Renesas.

19.     Defendant Mosel Vitalic Inc. is a business entity organized under the laws of Taiwan with its principal place of business at No. 19 Li Hsin Road, Science-Based Industrial Park, Hsinshu, Taiwan, R.O.C. ("Mosel Vitalic"). During the time period covered by this Complaint, Mosel Vitalic Technology Corporation sold and distributed Flash Memory to customers throughout the United States.

20.     Defendant Winbond Electronics Corporation is a business entity organized under the laws of Taiwan, with its principal place of business at 4, Creaton Road, 111, Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C. During the time period covered by this Complaint, Winbond Electric Corporation manufactured, sold and distributed Flash Memory to customers throughout the United States.

21.     Defendant Winbond Electronics Corporation America, Inc. is a wholly owned and controlled subsidiary of Winbond Electronics Corporation with its principal place of business at 2727 North First Street, San Jose, CA 95134. During the time period covered by this Complaint, Winbond Electronics Corporation America, Inc. sold and distributed Flash Memory to customers

throughout the United States. Winbond Electronics Corporation and Winbond Electronics Corporation America, Inc. are referred to collectively herein as "Winbond."

## CO-CONSPIRATORS

22. Various others, presently unknown to Plaintiff, participated as co-conspirators with the Defendants in the violations of law alleged in this Complaint and have engaged in conduct and made statements in furtherance thereof.

23. The acts charged in this Complaint have been done, within this district and worldwide, by Defendants and their c-conspirators, or were authorized, ordered or done by their respective officers, agents, employees or representatives while actively engaged in the management of each Defendant's business or affairs.

## JURISDICTION AND VENUE

24. This complaint is brought under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to obtain relief and to recover treble damages and the costs of this suit, including reasonable attorneys' fees, against Defendants for the injuries sustained by Plaintiff and the members of the Class by reason of Defendants' violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

25. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26.

26. Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391 because one or more Defendants reside, transact business, or are found within this District, and a substantial part of the events giving rise to the claims arose in this District.

## CLASS ACTION ALLEGATIONS

27.  Plaintiff brings this suit as a class action pursuant Rules 23(a) and 23(B)(#) of the Federal Rules of Civil Procedure, on behalf of itself and a class (the "Class") composed of and defined as follows:

> All persons and entities (excluding governmental entities, Defendants and their parents, predecessors, subsidiaries, affiliates, and co-conspirators) residing in the United States who purchased Flash Memory directly from the Defendants from January 1, 1999 though the present.

28.  Plaintiff does not know the exact number of Class members. Due to the nature of the trade and commerce involved, however, Plaintiff believes that Class members are sufficiently numerous and geographically dispersed throughout the United States so that joinder of Class members is impracticable.

29.  The Class is ascertainable and there is a well-defined community of interest among the members of the Class.

30.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff purchased Flash Memory from one or more of the Defendants or their co-conspirators, and therefore Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the members of the Class and the relief sought is common to the Class.

31.  The following common questions of law or fact, among others, exist as to the members of the Class:

> a.  Whether Defendants engaged in a combination or conspiracy to fix, raise, maintain and/or stabilize the prices for Flash Memory;
>
> b.  The duration of the conspiracy alleged in this Complaint and the nature and character of the acts performed by Defendants in furtherance of the

    conspiracy;

  c. Whether the alleged conspiracy violated Section 1 of the Sherman Act;

  d. The effect of Defendants' conspiracy on prices of Flash Memory; and

  e. Whether the conduct of Defendants, as alleged in the Complaint, caused injury to the business or property of Plaintiff and the other members of the Class;

  f. The appropriate measure of damages sustained by Plaintiff and the other members of the Class.

32. These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class.

33. Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and has retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent itself and the Class.

34. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all damaged Class members is impractical. The damages suffered by many individual Class members are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent the availability of class action procedures, it would not be feasible for many Class members to redress the wrongs done to them. Even if the Class members could afford individual litigation, the court system could not. Further, individual litigation presents the potential for inconsistent or contradictory judgements and would greatly magnify the delay and expense to all parties and to the court system. Therefore, the class action device presents far fewer case

management difficulties and will provide the benefits of unitary adjudication, economies of scale and comprehensive supervision by a single court.

35. Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

36. In the absence of a class action, Defendants would be unjustly enriched because they would be bale to retain the benefits and fruits of their wrongful conduct.

### INTERSTATE TRADE AND COMMERCE

37. During the time period covered by this Complaint, Defendants and their co-conspirators sold and distributed Flash Memory to and throughout the United States. Defendants and their co-conspirators manufactured, sold and shipped Flash Memory in a continuous and uninterrupted flow of interstate and international commerce. During each year of the Class Period, total sales of Flash Memory were in the billions of dollars.

### FACTUAL ALLEGATIONS

38. Flash Memory is a type of electronic memory that can be electrically erased and reprogrammed. Flash Memory is non-volatile, meaning that it does not need continuous power to maintain the information stored on the chip. Flash Memory is produced in the forms of an integrated circuit, which is used in a variety of applications, including memory cards, USB storage devices, digital audio devices, mobile wireless technology, game consoles and personal computers. As used herein, the term "Flash Memory" means all types of NAND Flash sold during the Class Period. For purposed of this Complaint, Flash Memory excludes all types of static random access memory ("SRAM") or dynamic random access memory ("DRAM") sold during the Class Period.

39. Flash Memory is distinct from SRAM and DRAM because it does not need

continuous power in order to store data. As a result, flash memory has a broader application, particularly with respect to memory cards, storage devices and portable electronic products.

40. Defendants, through their officers, directors and employees, effectuated the conspiracy between themselves and their co-conspirators by, among other things:

   a. participating in meetings and conversations, including through various trade associations and committees, to discuss the prices of Flash Memory in the United States;

   b. agreeing to charge prices at specified levels and otherwise to increase and maintain prices of Flash Memory sold in the United States;

   c. issuing price announcements and quotations in accordance with the agreements reached; and

   d. selling Flash Memory to various customers in the United States at non-competitive prices.

41. As a result of Defendants' conspiracy, prices for Flash Memory have been maintained at supracompetitive levels from at least 1999 though the present. Prior to 1999, the average selling price for all flash memory was in steady decline. Beginning in 2000 and continuing through Q1 2001, the aggregate average price of flash memory stabilized, then increased. This trend in the average prices of flash memory is highly correlated to a similar, contemporaneous price movement in the DRAM market during this period is currently the subject of a price-fixing investigation by the Antitrust Division of the U.S. Department of Justice ("DOJ"). Several of the Defendants named herein are either currently the subject of the DRAM investigation, or have pleaded guilty to price-fixing charges with respect to DRAM.

42. While average flash memory prices began to decline somewhat at the end of 2001,

the cartel created by Defendants operated to mitigate those declines so that prices were still at supracompetitive levels. Defendants' collusive activity still continues and has had the effect of keeping prices at supracompetitive levels.

43. The market for the manufacture and sale of Flash Memory has a number of features that facilitated the implementation of the price-fixing conspiracy alleged in this Complaint. Specifically, Flash Memory is a homogeneous product sold by Defendants and purchased by Plaintiff and members of the class primarily on the basis of price. In addition, the Flash Memory market is highly concentrated, with Defendants accounting for a large portion of all Flash Memory sales in the United States, with Samsung being the clear market leader. According to the 2006 "Memory Market Backgrounder" available at Samsung's website, the shares of the leading Flash Memory manufacturers in 2005 were as follows:

| | |
|---|---|
| Samsung | 52.9% |
| Toshiba | 21.9% |
| Hynix | 12.7% |
| Renesas | 6.8% |
| Micron | 2.2% |

These five entities control 96.5% of the Flash Memory market. Moreover, entry into Flash Memory production is subject to high manufacturing and technological barriers. Efficient manufacturing plants are large and costly, and viable entry also requires firms to undertake significant research and development expenses.

44. Collusive behavior within the highly concentrated Flash market was further facilitated by membership of Defendants in the numerous trade organizations within the industry. All of the Defendants are members of the Joint Electron Device Engineering Council ("JEDEC")

Solid State Technology Association, a standard-setting group for solid-state technologies, such as Flash Memory. Hynix and Micron are among the founding members of the Open NAND Flash Interface ("ONFI") group, whose whole purpose is to meet and discuss standards and production of NAND Flash products. The ONFI group has also been in talks with Samsung with the aim of having Samsung as a member.

45.    The structure of the market also allowed Defendants to maintain and police their cartel using mechanisms such as price signaling. For example, on March 20, 2006, Hynix warned investors that the prices of NAND flash memory could fall as much a 50% for the year. The very next day, market leader Samsung reassured the market that prices would recover and stabilize. As of August 2006, Flash Memory prices reportedly stabilized, in part, as a result of reduced inventory from manufacturers. "Apple to spur NAND Flash Market, firm says," *Electronic News*, August 9, 2006. In addition, third-party information sources, such as DRAMeXchange (found at dramexchange.com) allow Defendants to contemporaneously track each other's Flash Memory prices.

46.    The Defendants listed herein are subject to investigation for illegal-price-fixing activities in the SRAM and/or DRAM markets, or in the case of Hitachi, a predecessor of an entity under investigation.

47.    Plaintiff is informed and believes that the agents and employees of Samsung, Hynix, and Micron implicated in the DRAM price-fixing conspiracy are the same agents and employees that are responsible for price fixing SRAM and Flash Memory as well.

48.    Samsung and Hynix have pled guilty to price-fixing in the DRAM market during the period from 1999 to 2002 and have paid substantial fines to the DOJ for those unlawful activities ($300 million for Samsung and $185 million for Hynix). Micron was the amnesty

applicant in the DRAM price-fixing investigation.

49. Plaintiff is informed and believes that in October of 2006, the United States DOJ sent subpoenas to approximately 23 companies, including Samsung, Hynix, Micron, Toshiba, and Renesas, in connection with an investigation of cartel activity in the SRAM industry. A DOJ spokesperson was quoted as saying: "[t]he U.S. Department of Justice's antitrust division is conducting an investigation regarding anti-competitive practices against chief SRAM manufacturers."

50. Plaintiff is informed and believes that the United States DOJ's SRAM investigation concerns anticompetitive conduct that was continuing at least as recently as 2005. Plaintiff is further informed and believes that one of the primary manufacturers of Flash Memory is the United States DOJ's SRAM amnesty candidate.

51. One commentator noted the pervasiveness of cartel activity among the Defendants and others within the overall semiconductor industry: "'If the DOJ wanted to, it could just go down every line in the semiconductor industry and find the same issue,' said Gartner Inc. analyst Richard Gordon. 'That's because there are a relatively few number of suppliers in the chip industry and an open flow of communication between competitors and customers, who may not define price fixing the same way the DOJ does,' he said." (<http://www.computerworld.com/action/article.do?command=viewArticleBasic&taxonomyName=government&articleId=900556&taxonomyId=13&intsrc=kc_top>).

## FRAUDULENT CONCEALMENT

52. Throughout ans beyond the conspiracy, Defendants and their co-conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff. Defendants and their co-conspirators conducted their conspiracy in secret and kept it mostly within the confines of

their higher-level executives. Defendants and their co-conspirators publicly provided pretextual and false justifications regarding their pricing decisions, concealed their activities to avoid detection. Plaintiff did not discover, and could not have discovered through the exercise of reasonable diligence, that Defendants and their co-conspirators were violating the antitrust laws as alleged herein until shortly before this class action litigation was commenced.

53.     As a result of the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## FIRST CAUSE OF ACTION

### (Violation of Section 1 of the Sherman Act)

54.     Plaintiff incorporates and realleges, as though fully set forth herein, each allegation set forth in the preceding paragraphs of this Complaint.

55.     Beginning at least as early as January 1, 1999 and continuing through the present, Defendants and their co-conspirators entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for Flash Memory in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

56.     In formulating and carrying out the alleged agreement, understanding, and conspiracy, the Defendants and their co-conspirators perpetuated the acts which they combined and conspired to do, including but not limited to the act, practices, and course of conduct set forth above, and the following, among others:

   a.   Fixing, raising, maintaining and stabilizing the price of Flash Memory;

   b.   Allocating production of Flash Memory; and

   c.   Restricting output of Flash Memory.

57. The combination and conspiracy alleged herein has had the following effects, among others:

   a. Price competition in the sale of Flash Memory has been restrained, suppressed, and/or eliminated in the United States;

   b. Prices for Flash Memory sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

   c. Those who purchased Flash Memory directly from Defendants and their co-conspirators have been deprived of the benefits of free and open competition.

58. Plaintiff and the Class have been injured and will continue to be injured in their business and property by paying more for Flash Memory purchased directly from the Defendants and their co-conspirators than they would have paid and will pay in the absence of the combination and conspiracy.

59. Plaintiff and the Class are entitled to treble damages and an injunction against Defendants, preventing and restraining the violations alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court determine that the Sherman Act claim alleged herein may be maintained as a class action under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure;

B. The unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be restraint of trade or commerce in violation of Section 1 of the

Sherman Act;

    C.    Plaintiff and the Class recover damages, as provided by federal antitrust laws, and that a joint and several judgement in favor of Plaintiff and the Class be entered against the Defendants in an amount to be trebled in accordance with such laws;

    D.    Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from in any manner:

(1) continuing, maintaining, or renewing the conduct, contract, conspiracy or combination alleged herein, or from entering into any other conspiracy alleged herein, or from entering onto any other contract, conspiracy or combination having a similar purpose of effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect, and (2) communicating or causing to be communicated to any other person engaged in the sale of Flash Memory, information concerning bids of competitors.

    E.    Plaintiff and members of the Class be awarded pre- and post-judgement interest, and that that interest be awarded at the highest legal rate from and after the date of service of the initial complaint in this action; and

    F.    Plaintiff and members of the Class recover their costs of this suit, including reasonable attorneys' fees as provided by law; and

    G.    Plaintiff and members of the Class have such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

Dated: March 15, 2007

ABRAHAM, FRUCHTER & TWERSKY, LLP

By: _____
Jeffrey S. Abraham (JA-2946)
Lawrence D. Levit (LL-9507)
One Penn Plaza, Suite 2805
New York, New York 10119
Tel.: (212) 279-5050
Fax: (212) 279-3655

**Attorneys for Plaintiff**